**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **ELITE ENTERTAINMENT, INC., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 1:04cv764 |
| ) | |
| **KHELA BROTHERS** ) | |
| **ENTERTAINMENT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

In this dispute over concert promotion rights, the parties over several months and ultimately with the aid of new counsel, have whittled down and refined their claims through a series of complaints, amended complaints, and counterclaims. Although the already-twice-extended period for discovery is nearly expired and the matter is scheduled for trial scarcely seven weeks from now,[1] defendants on April 27, 2005 filed an amended counterclaim without seeking leave to do so, alleging four additional counterclaims never previously alleged. Defendants' original counterclaim, filed on December 27, 2004, alleged (i) three breach of contract claims and (ii) one claim for tortious interference with active or prospective business relations. In defendants' amended counterclaim,[2] they seek to add six new claims under four new

---

[1] The discovery deadline, originally set to expire on February 11, 2005 and extended through April 7, 2005, was extended a second time "as a matter of grace" at the April 14, 2005 pretrial conference and is now set to expire on June 3, 2005. *See Elite Entm't, Inc. v. Khela Bros. Entm't*, Case No. 1:04cv764 (E.D. Va. Apr. 14, 2005) (Order). Also at the pretrial conference, the matter was scheduled for trial on July 5, 2005. *See id.*

[2] Defendants have filed two amended counterclaims. The first, filed on April 27, 2005 without leave of court, contained several errors. First, it listed in its opening paragraph two additional claims for (i) bad faith existence of contract and (ii) negligence, which defendants ultimately abandoned and did not intend to include in the amended counterclaim. Second, the

1

theories of liability: (i) unjust enrichment, (ii) fraud, (iii) common counts, and (iv) an action for accounting. They also seek additional forms of relief not included in their original counterclaim, namely restitution and punitive damages.

According to defendants, they filed the amended counterclaim in response to plaintiffs' fourth amended complaint, which plaintiffs were given leave to file as a matter of grace after plaintiffs retained new counsel so that plaintiffs could simplify the pleadings and claims in anticipation of trial. *See Elite Entm't, Inc. v. Khela Bros. Entm't*, Case No. 1:04cv764 (E.D. Va. Apr. 14, 2005) (Order). Specifically, plaintiffs in their fourth amended complaint removed most of the claims they had previously pled and re-alleged only claims for breach of contract and unjust enrichment, which claims were included in every previous version of the complaint.

The matter is now before the Court on plaintiffs' motion to strike defendants' amended counterclaim. In response, defendants argue that they are entitled to amend their counterclaims as of right because their amended counterclaim was filed in response to plaintiffs' fourth amended complaint. In the alternative, defendants seek leave to amend their counterclaim. For the reasons that follow, plaintiffs' motion to strike the amended counterclaims must be granted and defendants' motion for leave to amend must be denied with the narrow exception that they may amend to simplify and clarify factual allegations by conforming their counterclaim to the evidence learned during discovery.

No appellate court has squarely addressed whether counterclaims filed in response to an amended complaint pursuant to Rule 15, Fed. R. Civ. P., must be permitted as of right or only with leave of court. And district courts have taken variant positions on the issue. *See, e.g.,*

---

first amended counterclaim contained certain numerical errors. Thus, on May 9, 2005, defendants filed a second amended counterclaim to correct these errors. In the same filing, they sought leave to file the amended counterclaims.

*Uniroyal Chem. Co. v. Sygenta Crop Prot., Inc.*, 2005 U.S. Dist. LEXIS 4545 (D. Conn. 2005) (discussing three competing approaches and adopting "moderate" view). Courts that have interpreted the rule permissively have held that once a plaintiff amends a complaint, the defendant always has a right to amend to bring new counterclaims, without regard to the scope of the amendments. *See, e.g.*, *American Home Prod. Corp. v. Johnson & Johnson*, 111 F.R.D. 448, 453 (S.D.N.Y. 1986) (holding that a defendant is entitled to respond to an amended complaint even with "eleventh-hour" additions). Courts that have interpreted the rule narrowly have held that an amended counterclaim must be confined specifically to responses that are related to changes in the amended complaint. *See, e.g.*, Nolan *v. City of Yonkers*, 1996 U.S. Dist. LEXIS 3221, at *4 (S.D.N.Y. 1996) ("Defendants [do] not have a right to assert new counterclaims unrelated to the amendment in their answers ... in the same way that they had a right to assert counterclaims in their original answer."). Yet, the moderate, and most sensible, view is that an amended response may be filed without leave only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint.[3] Thus, if major changes are made to the complaint, then major changes may be made to the response. *Uniroyal*, 2005 U.S. Dist.

---

[3] *See, e.g.*, *Uniroyal*, 2005 U.S. Dist. LEXIS 4545, at *4-5 ("The underlying premise to this approach is "what is good for the goose is good for the gander."); *Tranlon Corp. v. Cedarapids, Inc.*, 966 F. Supp. 812, 831-32 (N.D. Ill. 1997), *aff'd*, 205 F.3d 1347 (8th Cir. 812, 831-32 (N.D. Ill. 1997)) (defendant permitted to add new counterclaim without leave of court when plaintiff filed amended complaint that greatly expanded both factual allegations and scope of plaintiff's claims); *Digital Privacy, Inc. v. RSA Security, Inc.*, 199 F. Supp.2d 457, 459 n.2 (E.D. VA. 2002); *E.E.O.C. v. Morgan Stanley & Co., Inc.*, 211 F.R.D. 225, 227 (S.D.N.Y. 2002) ("If every amendment, no matter how minor or substantive, allowed defendants to assert counterclaims or defenses as of right, claims that would otherwise be barred or precluded could be revived without cause. This would deprive the Court of its ability to effectively manage the litigation.").

LEXIS 4545, at *5.  Not only is this moderate approach predominant in the caselaw,[4] the requirement that an amended response reflect the change in theory or scope of the amended complaint is consistent with Rule 15's requirement that an amended pleading must "plead in response" to the amended pleading.  *See id.* at 5-6.  Commentators also agree that the moderate view is the appropriate view.  In the view of one prominent commentator, Professor James Moore, "[n]ormally, a party responding to an amended pleading must 'plead in response' to the amended pleading, and must request leave of court if it wishes to add any new counterclaims in its response to the amended pleading."  *See* 3 James W. Moore, et al., Moore's Federal Practice § 15.17[6] (3d ed. 1997).  Yet, "when a plaintiff's amended complaint changes the theory of the case, it would be inequitable to require leave of the court before the defendant could respond with appropriate counterclaims."  *Id.*

This principle applied here points persuasively to the conclusion that defendants' amended counterclaim is not permissible as a matter of right.  Significantly, plaintiffs' fourth amended complaint did not add any new claims nor did it expand the scope or theory of the case; to the contrary, plaintiffs eliminated most of the claims alleged in the third amended complaint, re-alleging only the breach of contract and unjust enrichment claims they had included in every version of their complaint, and streamlined their factual allegations.  In contrast, defendants seek to add six new claims under four new theories of liability and two new claims for relief, including punitive damages.  To be sure, defendants are entitled to file an amended counterclaim "in response to" plaintiffs' amended complaint if they wish to clarify and simplify the factual allegations contained therein or to remove claims previously alleged.  What they may not do as of right, however, is amend their counterclaim to bring new claims never previously alleged.

---

[4] *See id.* at *6-7 (citing cases)

Because the fourth amended complaint did not expand the scope or theory of the case, defendants are not entitled to raise without cause additional claims they failed to raise previously or to expand the scope of the case.

In the alternative, defendants argue that if they may not amend their counterclaim as of right, then they are entitled to leave of court to do so. *See* Rule 13(f), Fed. R.Civ. P., ("When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires the pleader may by leave of court set up the counterclaim by amendment."). While it is true that Rule 15(a) requires that leave to amend "be freely given when justice so requires," leave is not warranted here. *See* Rule 15(a), Fed. R. Civ. P.  The following factors guide a court's determination of whether a motion to amend should be granted: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Edwards v. City of Goldsboro*, 178 F.3d 231 (4th Cir. 1999).  Delay alone is not enough; it must be accompanied by prejudice, bad faith, or futility.  *Id.*

Here, unwarranted delay is manifest.  Defendants easily could have brought their claims for unjust enrichment, fraud, common counts, and action for accounting in their first counterclaim, or sought leave to amend long before this late date.  Although defendants allege that they have uncovered new factual support during discovery to warrant the introduction of these new legal theories (indeed counsel even filed an affidavit attesting to this claim[5]), they never identify with particularity any fact they have learned during discovery that they did not know at the outset of the litigation ten months ago or when they filed their original counterclaim

---

[5] Counsel for defendants filed an affidavit attesting that "new information has been received by me throughout the course of this case ... in the course of discovery, including from Plaintiffs/Counterdefendants; and it has been received by way of other sources, including from my clients' accountants in the UK and California."

5

in December 2004.  Indeed, most of plaintiffs' new claims are merely alternative versions of liability that could have been identified with reasonable diligence earlier in the litigation.  Nor did defendants request leave to file an amended counterclaim earlier in the litigation, either in response to plaintiffs' third amended complaint filed in February 2005 or at the April 14, 2005 pretrial conference, a substantial portion of which was devoted to narrowing the issues in this case.

This unwarranted delay, without more, is of course an insufficient basis to refuse leave to amend.  But there is more; there is plain prejudice to plaintiffs.  To permit the addition of these entirely new claims when the twice-extended period for discovery is now nearly expired, and less than two months prior to trial would unfairly prejudice plaintiffs by requiring them to respond to claims that were not raised earlier in the litigation, leaving little time for discovery on these new claims or for preparation for trial.  Defendants argue that the prejudice that will be suffered by plaintiffs is no different from the prejudice done to defendants by the filing of the fourth amended complaint.  This is not so; in fact, plaintiffs eliminated claims; if anything, therefore, the filing of the fourth amended complaint made it easier for defendants to complete discovery and prepare for trial.  This is not the case with defendants' attempt to add additional new counterclaims and to expand the scope and theory of liability near the end of discovery and weeks before trial .  Thus, defendants' motion for leave to amend must be denied insofar as it seeks leave to add new claims or requests for relief.

Accordingly, for these reasons and for the reasons stated from the bench,

It is **ORDERED** that plaintiffs' motion to strike defendants' amended counterclaim is **GRANTED**.

It is further **ORDERED** that defendants' motion for leave to file an amended

counterclaim is **GRANTED** in part and **DENIED** in part.  It is **GRANTED** insofar as defendants may have leave to file an amended counterclaim that clarifies any factual allegations pertinent to the claims alleged in the existing counterclaim in light of the evidence uncovered during discovery.  It is **DENIED** in all other respects, including that defendants may not have leave to file an amended counterclaim that alleges any new claims or additional requests for relief.

The Clerk is directed to send a copy of this Order to all counsel of record.


|  |  |
|---|---|
| Alexandria, Virginia<br>May 13, 2005 | _____/s/_____<br>T. S. Ellis, III<br>United States District Judge |